**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| **MANASSEH ROYDREGO SKINNER,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | |
| : | NO. 1:13-CV-0044-WLS-TQL |
| **DR. DEREBAIL, et. al.,** : | |
| : | |
| **Defendants.** : | |

## ORDER & RECOMMENDATION

Plaintiff **MANASSEH ROYDREGO SKINNER**, a pre-trial detainee currently confined at the Dougherty County Jail in Albany, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and has paid a portion of the filing fee.[1]  Plaintiff is still obligated to pay the remaining $ 349.69 of the filing fee as previously ordered and directed herein.   For this reason, the Clerk shall send a copy of this Order to the business manager of the Dougherty County Jail.

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is also required to conduct a preliminary screening of his Complaint. 28 U.S.C. § 1915A(a).   The undersigned has now conducted this review and will allow Plaintiff's Eighth Amendment claims against Dr. Derebail to go forward.   It is **RECOMMENDED**, however, that all other Defendants and claims be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

---

[1] Though Plaintiff did not pay the entire $8.33 initial fee as ordered, it appears that Plaintiff did pay all funds presently available to him.

**STANDARD OF REVIEW**

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a district court may still dismiss a prisoner complaint after the initial review if it finds that the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding in forma pauperis).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." Id. In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. Id. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663,

129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

## PRELIMINARY REVIEW OF PLAINTIFF'S CLAIMS

The present case arises out of an alleged denial of medical care. The Complaint alleges that Plaintiff was shot in the hand one day prior to his arrest and was then advised by a physician that he would require additional medical treatment and physical therapy. Once incarcerated, however, Plaintiff's outside medical care was terminated by Defendant Major Haggerty, and the prison physician, Defendant Dr. Derebail, allegedly refused to provide Plaintiff with the needed medical care and/or physical therapy for his injured hand. Dr. Derebail also allegedly directed that Plaintiff be kept in segregation and be allowed only fifteen hours outside his cell per month. Plaintiff claims that this restrictive confinement has caused him to suffer muscle spasms, neck stiffness, and severe lower back pain. Plaintiff accordingly mailed letters and/or grievances to Defendants Sheriff Sproul and Major Lewis[2] about the denial of medical care and conditions of

---

2 Plaintiff also apparently wrote to "Major Hagler" to request medical treatment; however, this individual is not named as a party in the Complaint.

his pre-trial confinement.

When read in a light most favorable to Plaintiff, the allegations against Dr. Derebail may support a claim for relief under §1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Marsh v. Butler County, Ala., 268 F.3d 1014, 1024 n. 5 (11th Cir. 2001) (en banc). It is thus **ORDERED** that service be made on Defendant Derebail and that he file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service.

Plaintiff, however, has failed to allege facts sufficient to support a claim against Defendants Sheriff Sproul or Major Lewis. Plaintiff does not allege any of the prerequisites for imposing supervisory liability on the part of these Defendants. See Gross v. White, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007)). The mere fact that a prison official denies a grievance or fails to otherwise respond to a letter of complaint is insufficient to impose liability under § 1983. See Larson v. Meek, 240 F. App'x 777, 780 (10th Cir. 2007) (unpublished op.) (" . . . denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations."); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that commissioner could be held liable for damages based on receipt of a letter describing allegedly improper prison conditions). Inasmuch, prison administrators are not considered to have been deliberately indifferent to a prisoner's medical needs "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v.

Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

Plaintiff's allegation that Major Haggerty terminated his outside medical treatment after his arrest also fails to support a claim. To sustain a claim of deliberate indifference to serious medical needs, under either the Due Process Clause or the Eighth Amendment, a prisoner must allege facts showing that a prison official acted with deliberate indifference to a serious medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991). Nothing in Plaintiff's Complaint suggests that Major Haggerty was deliberately indifferent to Plaintiff's serious medical needs; Major Haggerty apparently did not interfere or prevent Plaintiff from receiving medical care from the prison physician, Dr. Derebail. Thus, because Plaintiff fails to allege how Major Haggerty was unjustified in believing that Plaintiff would be provided adequate medical care by the prison physician, his allegations against Major Haggerty fail to state a claim. See Spruill, 372 F.3d at 236.

It is therefore **RECOMMEDED** that Defendants Sheriff Sproul, Major Lewis, and Major Haggerty be **DISMISSED** from this action. Plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. See 28 U.S.C. § 636(b)(1).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in

the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously ordered (ECF No. 5), the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county where he is held in custody, and any successor

custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 17th day of April, 2013.

                               s/*THOMAS Q. LANGSTAFF*
                               UNITED STATES MAGISTRATE JUDGE

jlr