**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| MANASSEH ROYDREGO SKINNER, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 1:13-CV-44 (WLS) |
| DR. DEREBAIL, | : | |
| Defendant. | : | |

**ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff in this deliberate indifference case brought pursuant to 42 U.S.C. § 1983. (Doc. 50.) In the Recommendation, Judge Langstaff recommends that the Court grant Defendant's Motion for Summary Judgment (Doc. 41) because Plaintiff failed to introduce any evidence that Defendant was deliberately indifferent to Plaintiff's medical needs. (Doc. 50 at 11-12.) No objection was filed within the fourteen-day period provided pursuant to 28 U.S.C. § 636(b)(1). The objection period expired on April 16, 2014. (*See generally* Docket.)

As evidence of Defendant's deliberate indifference, Plaintiff submitted written statements from Jeffrey Young, Taion Davis, and Marcus Gatlin. (Doc. 46-3 at 74, 76, 77.) Plaintiff also submitted his own written statement. (*Id.* at 79-81.) The first three statements establish only that Plaintiff received a gunshot wound to his right hand, he suffered numbness and pain in that hand as a result, and Plaintiff was told by medical personnel at the prison that there was nothing further that they could do for his condition. (*See id.* at 74, 76, 77.) In his own written statement, Plaintiff asserts that he was denied certain medical procedures, such as physical therapy, and those procedures would have reduced the pain and numbness in his hand. (*See id.* at 79-81.)

1

Even if the referenced statements are considered for the purpose of summary judgment, they do nothing to establish that Defendant disregarded subjective knowledge that the failure to provide Plaintiff with the referenced medical care would unnecessarily cause Plaintiff to endure pain and suffering, and such disregard was caused by something more than mere negligence.  Further, Plaintiff's assertion that he was denied medical care is directly and undisputedly controverted by the medical records submitted by Defendant.  (Doc. 42-3.)  The referenced medical records establish that Plaintiff was provided substantial medical treatment for the pain and numbness in his right hand, and, on multiple occasions, he refused pain medication prescribed for his pain.  The Court agrees that Plaintiff has failed to refute the evidence showing that he received adequate care, and therefore failed to make out a claim for deliberate indifference. *See Spaulding v. Poitier*, 548 F. App'x 587, 592 (11th Cir. 2013) (noting that a doctor's course of treatment is generally "a medical judgment" that does not give rise to § 1983 liability).

Upon full review and consideration of the record, the Court finds that Judge Langstaff's Recommendation (Doc. 50) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Thus, Defendant's Motion for Summary Judgment (Doc. 41) is **GRANTED.**  It is hereby **ORDERED AND ADJUDGED** that Plaintiff shall take nothing by his Complaint (Doc. 1), and **JUDGMENT** shall be entered in favor of Defendant.

SO ORDERED, this  11th  day of June 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**